# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Justin Michael Fenney, | Case No. 21-CV-1679 (JRT/KMM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tracy Beltz, Warden, Faribault Correctional Facility, Minnesota, | |
| Respondent. | |

Zachary A. Longsdorf, Longsdorf Law Firm, PLC, for petitioner Justin Michael Fenney.

Jeffrey Wald, Ramsey County Attorney's Office, for respondent Tracy Beltz.

\*\*\*

Petitioner Justin Michael Fenney was convicted after a bench trial in Minnesota state court on one count of first-degree criminal sexual conduct. *See State v. Fenney* ("*Fenney I*"), No. A13-0978, 2015 WL 1880185 (Minn. Ct. App. Apr. 27, 2015); *Fenney v. State* ("*Fenney II*"), No. A19-2053, 2020 WL 5361660 (Minn. Ct. App. Sept. 8, 2020). In the petition for a writ of habeas corpus now pending before the Court, Mr. Fenney contends that newly discovered evidence casts doubt on the finding of guilt. The government has moved to dismiss the petition on several procedural grounds, including that the petition is an unauthorized "second or successive" petition within the meaning of 28 U.S.C. § 2244(b); that the petition is untimely, *see* 28 U.S.C.

1

§ 2244(d); and that Mr. Fenney has not presented to the state courts any claim for relief arising under federal law, *see* 28 U.S.C. § 2254(b).  The Court disagrees with the first of those arguments — Mr. Fenney's habeas petition is not "second or successive" within the meaning of § 2244(b), and he therefore did not need authorization to file it — but agrees that the petition was filed too late and that Mr. Fenney has not exhausted any federal-law claim for relief.  Accordingly, it is recommended that the petition be denied on those grounds.

## I.  BACKGROUND

The Minnesota Court of Appeals partially summarized as follows the findings of fact made by the district court after Mr. Fenney's trial:

> Fenney and L.H. had been in a tumultuous 11-year relationship and have one child in common.  On October 25, 2012, L.H. drank alcohol throughout the day and into the evening and was engaged in a sexual act with another man on her living-room couch when Fenney walked into her apartment around 10:00 p.m.  Fenney was furious. L.H. ran into her bedroom, where their nine-year-old daughter was sleeping, and closed the door.  As Fenney kicked the bedroom door open, the other man ran from the apartment.  Fenney proceeded to beat L.H., repeatedly hitting and kicking her.  Although L.H.'s alcohol consumption limited her recall, she remembered the angry look on Fenney's face as he choked her and her pleas to stop as she lay on the bathroom floor with her nose bleeding profusely into the toilet.  She also remembered being on the floor between the bathroom and living room with her hands behind her back and feeling a pain in her "bottom."  She passed out, and when she woke up, her "bottom" hurt.  She did not know whether or not Fenney had anally penetrated her with an object.

> When the police arrived, they found a toilet brush with a
> bloody handle in the bathroom. The blood covered five
> and one-half inches of the handle. Officers also discovered
> fecal matter on the bathroom floor just inside the threshold
> of the door. A paramedic observed that L.H.'s nose was
> deformed and that she had a swollen and bloodied face.
> She also had blood running down her leg. L.H. indicated
> to the paramedic that the back of her groin area hurt. The
> paramedic asked L.H. if Fenney had assaulted her with the
> toilet-brush handle, and L.H. indicated "yes" by nodding.
> Later, the Minnesota Bureau of Criminal Apprehension
> (BCA) conducted DNA testing of the blood on the toilet-
> brush handle and concluded that DNA from the blood
> matched L.H.'s DNA.

*Fenney I*, 2015 WL 1880185, at *1.

The doctor who performed surgery on L.H. opined that her injuries were consistent with penetration by a toilet-brush handle, and L.H. herself stated upon questioning by the police that this is what she believed to have occurred, though she testified at trial that she did not know whether Mr. Fenney has anally penetrated her. *Id.* at *1-2. Mr. Fenney was found guilty of first-degree sexual assault and sentenced to a 270-month term of imprisonment.

L.H. partially recanted her trial testimony after the sentencing. "At trial, L.H. [had] testified that she felt pain in her rectum and that the pain occurred simultaneously with a kick when she was 'part way in the living room [and] part way in the bathroom' and her 'hands were behind [her] back.'" *Fenney I*, 2015 WL 1880185, at *2. In a statement made after Mr. Fenney had been sentenced, however, L.H.

stated that Mr. Fenney had "flung" her to the bathroom wall and that, when she hit the wall, she "felt something shot up [her] back." *Id.*

With his direct appeal still pending, Mr. Fenney sought postconviction relief in from the state district court based on the recantation of L.H. The motion was denied by the district court on the grounds that the trial testimony of L.H. was not one of the more significant evidentiary factors leading to the finding of Mr. Fenney's guilt. *Id.* at *6. The physical and medical evidence, concluded the district court, were more probative.

The Minnesota Court of Appeals later agreed:

> The police found a toilet brush with five and one-half inches of L.H.'s blood and DNA on the handle at the crime scene. The police also found fecal matter just inside the threshold of the bathroom doorway, where L.H. testified that she was located when she felt pain in her "bottom" during Fenney's assault. Dr. Bennett established that L.H.'s injuries were consistent with penetration by a toilet-brush handle and a five and one-half inch insertion and that anal penetration can cause the anal muscles to release fecal matter.

*Fenney I*, 2015 WL 1880185, at *4. The Minnesota Court of Appeals concluded that a sufficient evidentiary basis had been established for Mr. Fenney's guilt and that the recantation of L.H. would not have affected the verdict. Accordingly, the verdict, sentence, and denial of Mr. Fenney's motion for postconviction relief were affirmed. *Id.* at *7. The Minnesota Supreme Court declined review of the matter.

4

Subsequent motions for postconviction relief filed by Mr. Fenney in state court in June 2016, October 2016, and July 2017 were each denied as procedurally barred. *See Fenney II*, 2020 WL 5361660, at *2.  Mr. Fenney also sought federal habeas corpus relief in 2016; that habeas petition was dismissed without prejudice on the grounds that the claims raised by Mr. Fenney in the petition had not yet been exhausted in the state courts.  *See Fenney v. State of Minnesota*, No. 16-CV-1882 (JNE/TNL), ECF Nos. 15-16 (D. Minn. 2016).  The claims raised in that earlier habeas petition are not at issue again in this proceeding

In May 2018, Mr. Fenney received a letter from D.W., the man that Mr. Fenney found with L.H. immediately prior to the assault.  *See* Petition at 6 [ECF No. 1].  D.W. had testified at trial that he had performed oral sex on L.H. on the night at issue. *Fenney II*, 2020 WL 5361660, at *4.  In his letter to Mr. Fenney, D.W. stated that his trial testimony was misleading insofar as he did not mention that he had also been engaged in anal intercourse with L.H. that night.  *See id.*; Petition at 6.  On March 25, 2019, D.W. provided a sworn affidavit iterating what he had told Mr. Fenney in his May 2018 letter.  *See* Petition at 6.

Mr. Fenney then returned to state court in August 2019 once more seeking postconviction relief, this time on the grounds of "newly discovered evidence showing his innocence of the charges against him."  *See* Petition for Postconviction Relief at 3 [ECF No. 11].  In his memorandum in support of his postconviction

petition, Mr. Fenney relied upon the four-part test set out in *Rainer v. State*, which

provides that

> [w]hen determining whether to grant a new trial based
> upon newly discovered evidence, a defendant must prove
> the following: (1) that the evidence was not known to the
> defendant or his/her counsel at the time of the trial; (2)
> that the evidence could not have been discovered through
> due diligence before trial; (3) that the evidence is not
> cumulative, impeaching, or doubtful; and (4) that the
> evidence would probably produce an acquittal or a more
> favorable result.

566 N.W.2d 692, 695 (Minn. 1997); Postconviction Memorandum at 8 [ECF No. 12]

(citing *Rainer*).  The thrust of Mr. Fenney's argument was that the injuries to L.H.

could have been the result of anal intercourse and that, had the trial court known that

L.H. and D.W. had engaged in anal intercourse, the verdict would have been different.

The district court denied the postconviction petition without an evidentiary hearing

on the grounds that the new evidence failed the fourth prong of *Rainer* — that is, the

affidavit of D.W. would not probably produce an acquittal or more favorable verdict

for Mr. Fenney.  *Fenney II*, 2020 WL 5361660, at *2-3.  The Minnesota Court of

Appeals affirmed the decision of the district court to deny without conducting an

evidentiary hearing.  The Minnesota Supreme Court declined review of the matter on

November 17, 2020.

On July 21, 2021, Mr. Fenney filed the habeas corpus petition now pending

before the Court.  The petition raises a single ground for relief: "that the state courts

made an unreasonable determination of fact in light of the evidence presented when

they determined that [Mr. Fenney] was not entitled to relief based upon newly discovered evidence of false testimony provided by prosecution witness [D.W.]." Petition at 5. Respondent has filed a motion to dismiss the petition arguing that the petition is procedurally barred and that Mr. Fenney is not entitled to relief on the merits. *See* ECF No. 6.

This Court reaches only the government's procedural arguments, which are determinative.

## II. ANALYSIS

Respondent seeks dismissal of Mr. Fenney's petition for a writ of habeas corpus on several procedural grounds. One of those arguments — that the petition is "second or successive" within the meaning of § 2244(b) and that Mr. Fenney did not receive authorization from the appropriate appellate court to file the petition — implicates the jurisdiction of the Court, *see Burton v. Stewart*, 549 U.S. 147, 152 (2007), and must therefore be addressed first. As explained below, the Court concludes that Mr. Fenney's habeas petition is not "second or successive" and will thus proceed to the non-jurisdictional procedural grounds for dismissal raised by respondent (lack of timeliness and failure to exhaust state remedies). Each of these non-jurisdictional grounds provides an independent basis upon which the habeas petition should be denied, and the Court therefore recommends that this matter be dismissed.

*A. Second or Successive*

This is the second habeas corpus proceeding initiated by Mr. Fenney in this District. Section 2244(b)(3) requires a habeas petitioner seeking relief from a state-court judgment to procure authorization from the appropriate court of appeals before filing a "second or successive" petition for a writ of habeas corpus. Mr. Fenney did not seek or receive authorization from the United States Court of Appeals for the Eighth Circuit to file the habeas petition now before the Court. Accordingly, the government argues, Mr. Fenney's petition must be dismissed for lacking the necessary authorization.

The logic is intuitive but wrong. "'Second or successive' is a term of art and not every habeas petition that is second in time requires preauthorization." *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011) (citing *Crouch v. Norris*, 251 F.3d 720, 723-25 (8th Cir. 2001)). Mr. Fenney's first federal habeas corpus petition was dismissed without prejudice on the grounds that he had not yet exhausted available remedies in the state courts. *See Fenney*, No. 16-CV-1882, ECF Nos. 15-16. "A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

Nor does it matter that Mr. Fenney is now attempting to raise a ground for relief different from the claims that were dismissed in the first habeas proceeding for failure to exhaust. *See id.* at 487-88. The dismissal of the first proceeding was entered

expressly to be "without prejudice" due to failure to exhaust.  No merits

determination was made of any of Mr. Fenney's claims for relief.  For purposes of

whether the current petition is second or successive, the first petition is to be treated

as though it had not been filed at all, and Mr. Fenney is not limited to now raising the

specific claims raised in that petition.  *See id.*

 Mr. Fenney did not need authorization from the Eighth Circuit to file the

pending habeas petition, and the Court has jurisdiction over the petition.  This Court

will therefore turn to the remaining procedural arguments for dismissal.

B.  *Timeliness*

 The government next contends that Mr. Fenney's habeas petition is barred by

the relevant statute of limitations.  *See* 28 U.S.C. § 2244(d).  This argument is more

convincing.

 Under § 2244(d),

> (1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to
> > filing an application created by State action in
> > violation of the Constitution or laws of the
> > United States is removed, if the applicant was
> > prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

It is undisputed that if Mr. Fenney's habeas petition is timely under the statute, it is timely only through the operation of § 2244(d)(1)(D). Far more than one year has passed since the judgment in the state-court criminal matter because final, even after accounting for time during which petitions for postconviction relief have been pending in the state courts. *See* 28 U.S.C. § 2244(d)(1)(A). Mr. Fenney does not contend that he has ever been impeded by state action from seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d)(1)(B). And Mr. Fenney does not seek to invoke a constitutional right newly recognized by the Supreme Court of the United States. *See* 28 U.S.C. § 2244(d)(1)(C). The claim presented by Mr. Fenney therefore can only be deemed timely under the statute if it was brought within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

The parties offer competing dates on which the factual predicate of Mr. Fenney's claim could have been discovered with due diligence.  According to the government, that date was in May 2018, when Mr. Fenney first learned from D.W. than he had engaged in anal intercourse with L.H. on the night of the assault.  Mr. Fenney did not seek state postconviction relief until August 2019, by which point (the government argues) the federal limitations period had already expired.  *See Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (explaining that § 2244(d)(2) only pauses the limitations period and does not provide additional time in which to seek federal habeas relief after the conclusion of state-court postconviction proceedings).

Mr. Fenney, by contrast, argues that the factual predicate of his claim did not "become available" to him until March 25, 2019.  *See* Petition at 10.  According to Mr. Fenney, any attempt to seek postconviction relief prior to that date would have been summarily rejected by the state courts on the grounds that the representations in the letter were not sworn statements and therefore lacked sufficient indicia of reliability. *See* Petitioner Memorandum at 12 [ECF No. 9] (citing *State v. Miles*, 800 N.W.2d 778, 784-85 (Minn. 2011)).  Not until D.W. provided an affidavit, argues Mr. Fenney, did the one-year limitations window under § 2244(d)(1)(D) begin.

Between the two dates offered by the parties, the government has the better of the argument.[1]  Contrary to Mr. Fenney's position, the limitations period established

---

[1] The Court suspects that the factual predicate of Mr. Fenney's claim could have been discovered with reasonable diligence well *before* even the date argued by the

by § 2244(d)(1)(D) does not begin when a claim "become[s] available" to a litigant. Petition at 10. Rather, the limitations period starts to run when the factual predicate of the claim could have been discovered through the exercise of due diligence. Mr. Fenney's claim is predicated on the fact that the testimony offered by D.W. at trial was misleading and that D.W. and L.H. engaged in anal intercourse on the night of the assault. By his own account, Mr. Fenney discovered in May 2018 that D.W. claimed that he and L.H. had engaged in anal intercourse on the night at issue. That Mr. Fenney could not have raised the issue in state court until he received the March 2019 affidavit answers a question that § 2244(d)(1)(D) does not ask. The central issue under that provision is not when Mr. Fenney could have first exhausted his claim for relief in the state courts, but when Mr. Fenney first discovered or with due diligence could have discovered the factual predicate of the claim. *See Earl v. Fabian*, 556 F.3d 717, 725-26 (8th Cir. 2009). That was in May 2018, not March 2019.

The Court understands that this distinction between (on the one hand) when a factual predicate is discovered and (on the other hand) when that factual predicate

---

government. D.W. testified at Mr. Fenney's trial. Although D.W. did not volunteer testimony regarding whether he engaged in anal intercourse with L.H., neither does it seem he was asked — and there is no reason to believe from the record before the Court that D.W. would have been untruthful in his testimony if he had been asked. The decision not to question D.W. about whether he engaged in anal intercourse with L.H. may or may not have been a reasonable choice of strategy (that question is not before the Court, as Mr. Fenney has not presented a claim of ineffective assistance of counsel), but the factual predicate relied upon by Mr. Fenney appears to have been discoverable as long ago as the date on which D.W. took the witness stand at trial.

may actually be litigated in the state courts creates the apparent potential for federal habeas petitioners to be stuck in *zugzwang*. Federal law requires that a habeas petitioner challenging a state-court judgment first exhaust state-court remedies available to him. *See* 28 U.S.C. § 2254(b). If a litigant cannot present a claim predicated upon newly discovered evidence in state court until well after the factual predicate for the claim is discovered (because, for example, state law requires further evidentiary or procedural hurdles to be cleared), then there might be reason to fear that the litigant might *never* be able to seek federal habeas relief on that claim — a litigant who waits until after the state-court process has concluded to seek federal habeas relief may find his habeas petition to be untimely upon filing.

But there are paths out of the would-be trap created by the joint operation of § 2254(b) and § 2244(d)(1)(D). For example, although a litigant may not procure federal habeas relief from a state-court judgment until after he has exhausted available state-court remedies, the litigant may file his federal habeas petition before completing (or even initiating) the state-court exhaustion process and, upon filing the federal petition, request that the petition be stayed pending adjudication of the claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269 (2005). Thus, even if it is true that Mr. Fenney could not have hoped to succeed on his state-law claims until after a sworn statement had been procured from D.W., Mr. Fenney could have submitted his federal habeas petition in advance of that date and sought a stay of the federal proceedings pursuant to *Rhines* until after a sworn statement had been procured and

13

the state-court proceedings had concluded.  And in a truly egregious case where a habeas petitioner has done everything possible to timely present his claim for federal habeas relief, equitable tolling of the limitations period might offer a means of relief, *see, e.g.*, *Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016), though Mr. Fenney's delay of eight months from the denial of his petition for review by the Minnesota Supreme Court and the filing of the federal habeas petition precludes equitable tolling of the limitations period in this matter.  Nothing prevented Mr. Fenney from pursuing his federal habeas claim much earlier than he did, even by his own account.[2]

This Court concludes that the factual predicate of Mr. Fenney's claim was discovered by him at the time that he received the letter from D.W. in May 2018.  The limitations period established by § 2244(d)(1)(D) for Mr. Fenney to seek federal habeas relief expired (at the very latest) one year after that date, and his habeas petition is therefore untimely.  But at least two further points on the issue of the timeliness of Mr. Fenney's habeas petition merit further comment.

First, a federal habeas petitioner may bypass the statutory limitations period set by § 2244(d) by establishing "'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  Mr. Fenney has not sought to invoke this actual-innocence exception to the

---

[2] The Court also notes that Mr. Fenney does not explain why ten months passed between his receipt of a letter from D.W. and his obtaining an affidavit.

statute of limitations. Even if he had, though, the evidence offered by Mr. Fenney falls far short of establishing his actual innocence of the offense for which he was convicted. D.W. and L.H. having engaged in anal intercourse negates none of the substantial medical and physical evidence from which a jury (or, in Mr. Fenney's case, the trial court itself) could have reasonably concluded that Mr. Fenney had been guilty of first-degree sexual assault.

Second, even if Mr. Fenney were correct that the factual predicate of his claim could not have been discovered until D.W. provided him with a sworn statement, *the claim would still be untimely*. Section 2244(d)(1)(D) provides federal habeas petitioners with 365 days in which to seek relief based upon a factual predicate that could not have been previously discovered, and § 2244(d)(2) excludes from this 365-day period the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." D.W. provided Mr. Fenney with an affidavit on March 25, 2019. Mr. Fenney filed his petition for postconviction relief in state court on August 6, 2019,[3] or 134 days later, leaving Mr. Fenney another 231 days in which to seek federal habeas relief after the state-court proceedings had concluded. The Minnesota Court of Appeals declined review of the denial of Mr. Fenney's postconviction petition on November 17, 2020.

---

[3] The postconviction petition is dated August 5, 2019, *see* Petition for Postconviction Relief at 3, but Mr. Fenney acknowledges in his habeas petition that the document was not actually filed until August 6, *see* Petition at 10, and this is the filing date reflected on the electronic docket of the state-court matter.

Mr. Fenney did not file his federal habeas petition until July 21, 2021 — that is, 246 days later.

Mr. Fenney counters that the state-court postconviction proceedings did not conclude until December 10, 2020, the date on which the Minnesota Supreme Court entered judgment. *See* Petition at 10. But state-court review of a postconviction petition ends, for purposes of § 2244(d)(2), when "the State's highest court has issued its mandate or denied review" — that is, the date on which "no other state avenues for relief remain open." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). The Minnesota Supreme Court denied review on November 17, 2020, and although judgment was not entered by the Minnesota Supreme Court for another three weeks, no relief remained available to Mr. Fenney in the state courts as of the date that the petition for review was denied. *See* Minn. R. Civ. App. P. 140.01 (providing that litigants may not petition for reconsideration or rehearing of a denial of a petition for review); Minn. R. Crim. P. 29.01, subd. 2 (providing that "the Minnesota Rules of Civil Appellate Procedure govern appellate procedure unless these rules direct otherwise."); *City of Waite Park v. Minnesota Office of Administrative Hearings*, 758 N.W.2d 347, 353 (Minn. Ct. App. 2018) (noting that an opinion of the Minnesota Court of Appeals becomes final "[o]nce further review has been denied by the supreme court or the time to seek further review has passed."); *Rouse v. Lee*, 339 F.3d 238, 244-45 (4th Cir. 2003) (per curiam). Thus, even if he were to be given every benefit of the doubt concerning

16

when the factual predicate of his claim could have been discovered, Mr. Fenney's
habeas petition was filed too late.

In any event, the Court concludes that the factual predicate of Mr. Fenney's
claim was reasonably discoverable, at the very latest, in May 2018, when D.W. told
Mr. Fenney that he had engaged in anal intercourse with L.H.  Accordingly, the
habeas petition filed by Mr. Fenney plainly is untimely under § 2244(d).

*C. Exhaustion*

There is another procedural problem with Mr. Fenney's habeas petition.  Under
28 U.S.C. § 2241(c)(3), a state-court petitioner may seek federal habeas corpus relief
only on the grounds (with exceptions not relevant here) that "[h]e is in custody in
violation of the Constitution or laws or treaties of the United States."  "[I]t is not the
province of a federal habeas court to reexamine state-court determinations on state-
law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

As an initial matter, it is not altogether clear to the Court that Mr. Fenney is
seeking relief pursuant to federal law at all in his habeas petition.  The petition itself
does not expressly invoke any federal constitutional provision; Mr. Fenney does not,
for example, allege in his habeas petition that his federal due-process rights were
violated at trial, or that he was denied the effective assistance of counsel, or so on.
Moreover, "the existence merely of newly discovered evidence relevant to the guilt of

17

a state prisoner is not a ground for relief on federal habeas corpus."[4] *Townsend v. Sain*, 372 U.S. 293, 317 (1963); *accord Herrera v. Collins*, 506 U.S. 390, 400-05 (1993). This is not to say that the existence of newly discovered evidence is *irrelevant* to federal habeas proceedings — for instance, the existence of a factual predicate that could not have previously been discovered and that implicates the innocence of the petitioner is one basis upon which an appellate court may authorize a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(2). Or, as explained at length above, a newly discovered factual predicate may provide a habeas petitioner with more time to pursue habeas relief than he would otherwise have under § 2244(d)(1). But the existence of newly discovered evidence is not, by itself, a basis upon which to seek habeas relief; that evidence must instead be tethered to an underlying claim of federal constitutional error occurring in the state courts.[5]  *See Herrera*, 506 U.S. at 400-05. No such underlying claim is obvious from the habeas petition filed by Mr. Fenney.

---

[4] The Eighth Circuit had at one time concluded that a state habeas petitioner's federal constitutional rights are implicated where newly discovered evidence "would probably produce an acquittal on retrial." *See, e.g.*, *Dumond v. Lockhart*, 885 F.2d 419, 421 (8th Cir. 1989) (quotations omitted). This position was an outlier at the time it was put forward, *see, e.g.*, *Boyd v. Puckett*, 905 F.2d 895, 896-97 (5th Cir. 1990), and can no longer be squared with Supreme Court doctrine, *see Herrera v. Collins*, 506 U.S. 390, 400-405 (1993).

[5] Mr. Fenney contends in his briefing that his federal rights are implicated because the state courts made an "unreasonable determination of the facts" in deciding that the evidence introduced through the statements in the affidavit of D.W. would not probably have resulted in a different result at trial. 28 U.S.C. § 2254(d)(2). But § 2254(d) does not provide a substantive basis for habeas relief; it provides the standard of review by which federal habeas claims are adjudicated. Where a state

Even if the habeas petition were interpreted as implicitly raising a claim for relief under federal law, Mr. Fenney did not present any such federal-law claim in the state courts. *See* 28 U.S.C. § 2254(b) (generally requiring federal habeas petitioners to exhaust available state-court remedies). As he does in this habeas proceeding, Mr. Fenney claimed in his state postconviction petition — without reference to federal law — that the affidavit of D.W. called into question the validity of his conviction. *See* Petition for Postconviction Relief at 3. Minnesota law, unlike federal law,[6] does provide that newly discovered evidence may form the basis for collateral relief from a conviction, *see Rainer*, 566 N.W.2d at 695, and it is this Minnesota case law that Mr. Fenney entirely relied upon in presenting his claim, *see generally* Postconviction Memorandum. A federal-law claim for habeas relief may be regarded as exhausted in the state courts only if that claim has been fairly presented to the state courts in such a way that the state courts have been alerted to the federal nature of the claim. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). At no point during Mr. Fenney's postconviction proceedings would the state courts have had any reason to believe that the claims before them were being raised as anything other than a state-law claim.

_____

court finds that a petitioner's federal rights have not been violated, a state court may grant habeas relief if it finds that the state-court decision was premised upon an unreasonable factual determination. But the state courts having made an unreasonable determination of the facts is not *itself* a claim for relief.

[6] Rule 33(b)(1) of the Federal Rules of Criminal Procedure does permit a criminal defendant to bring a motion for a new trial on the basis of newly discovered evidence within three years of the verdict. This provision, however, does not apply to state-court defendants.

Thus, to the extent that the habeas petition now before the Court can be interpreted as presenting a claim for relief under federal law, that claim has not been exhausted in the state courts. The failure to exhaust any federal-law claim for relief provides another basis for denial of the petition.

*D. Conclusion*

The lone claim for relief presented in the habeas petition is both untimely and unexhausted. The untimeliness of his petition cannot be cured by Mr. Fenney;[7] it is therefore recommended that this matter be dismissed *with* prejudice. Finally, because the Court does not believe that Mr. Fenney has made a substantial showing of the denial of a constitutional right or that the ultimate procedural conclusions in this Recommendation are fairly debatable, it is further recommended that no certificate of appealability be issued in this matter. *See* 28 U.S.C. § 2253(c).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1.    The motion to dismiss of respondent Tracy Beltz [ECF No. 6] be

       GRANTED.

---

[7] Neither, probably, can the failure to present the claim to the Minnesota state courts. Minnesota law requires that litigants seeking postconviction relief present their claims at the first available opportunity. *See State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976). Having failed to present any federal-law claim for relief regarding the affidavit of D.W. in the latest postconviction petition, it is doubtful that Mr. Fenney would be permitted by the state courts to do so now or in the future.

2.    The petition for a writ of habeas corpus of petitioner Justin Michael

Fenney [ECF No. 1] be DENIED.

3.    This matter be DISMISSED WITH PREJUDICE.

4.    No certificate of appealability be issued.

Date: November 19, 2021                              *s/ Katherine Menendez*
                                                     Katherine Menendez
                                                     United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).